IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES SAMUEL HARTZOL, III,** **Plaintiff,** v. **MAJOR,** **Defendant.** | Case No. 24-cv-01935-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Samuel Hartzol, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). The First Amended Complaint (Doc. 31) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.

### THE FIRST AMENDED COMPLAINT

In the First Amended Complaint, Plaintiff alleges that on January 19, 2023, Correctional Officer Matthew Major was conducting searches of cells 12 through 16 in East House at Menard Correctional Center. (Doc. 31, p. 1). While handcuffing Plaintiff, Major told Plaintiff that he, Major, observed Plaintiff placing something inside the waistband of Plaintiff's shorts. Plaintiff claims this allegation was false and that he had been lying down until he heard the command to "cuff up" for a shake down. Plaintiff was then taken to the infirmary to be strip searched. Once in the infirmary, Major told Plaintiff to "get ass hole naked." Plaintiff asked why, and Major again told Plaintiff that he believed Plaintiff to be hiding something in his shorts. Plaintiff told Major that he did not place anything inside his shorts or underwear. Plaintiff was then directed to "grab

Page 1 of 4

his ass cheeks" and spread them wide and then told to open his mouth and lift his lips. (*Id.*).

While Plaintiff was squatting, he, Plaintiff, attempted to place a baggie of pills he had onto a tablet. (Doc. 31, p. 1). Plaintiff states that "they" believed he was trying to dispose of the pills into the trash can. Correctional Officer Major then "choke slammed" Plaintiff onto Plaintiff's right shoulder, causing Plaintiff to hit his head on the floor. (*Id.* at p. 2). Plaintiff lost consciousness and when he regained consciousness, he was still naked on the floor and several correctional officers were standing over him. In addition to hurting his shoulder, Plaintiff also incurred a split lip and a cut on his head from the use of force by Major. (*Id.*).

### DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

**Count 1:** Eighth Amendment claim against Correctional Officer Major for the use of excessive force on January 19, 2023.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

Although the allegations in the First Amended Complaint do not greatly vary from those made in the original Complaint, the Court believes, on further review, that Plaintiff has pled sufficient facts to support an excessive force claim. *See Hendrickson v. Cooper,* 589 F.3d 887, 890 (7th Cir. 2009) (the core inquiry is whether force was used not "in a good-faith effort to maintain or restore discipline" but "maliciously and sadistically to cause harm."). Count 1 will proceed

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

against Major.

## DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Correctional Officer Matthew Major.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Defendant Major the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14

days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 5, 2025**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.